

# Walmart
## Save money. Live better.

**Date:** 10/27/2016

**No. of pages:** _____

**To:** Legal

**Department:** _____

**Phone Number:** _____

**Fax Number:** 1-479-277-5991

**From:** Walmart 2104

**Department:** _____

**Phone Number:** 1-845-567-6007

**Fax Number:** 1-845-567-1909

## Subject and Comments:

We have no file on this.

SUPREME COURT OF THE STATE OF NEW
COUNTY OF ORANGE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANTHONY BURDEN, LEEVERDIA BURDEN

                        Plaintiff/Petition

                                                    Index    $EF007223-2016$

WAL-MART STORES EAST, LP, WAL-MART STORES
EAST, INC., NEWBURGH WALMART SUPERCENTER

                        Defendant/Responde
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE REGARDING AVAILABILITY OF ELECTRONIC
### SUPREME COURT CASES

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court

2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www. nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646- 386-3033; e-mail: efile@nycourts.gov).

Dated   10/24/2016

Signature

Stuart W. Mosbacher, Esq
Name

Sobo & Sobo
Firm Name

1 DOLSON AVE
Address

MIDDLETOWN, NY  10940
City, State, and Zip

845-343-7626
Phone

efile@sobolaw.com    or   SMOSBACHER@SOBOLAW.COM
E-Mail

To:   _____

_____

_____

9/3/15

Index
3/17

Page 2 of 2
Personnel 8455671909 >>

EF-3
2016-10-27 16:36

FILED: ORANGE COUNTY CLERK 10/24/2016 03:32 PM   INDEX NO. EF007223-2016
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 10/24/2016

Date of Filing:
Index No.: 2016-

Plaintiffs hereby designate
**ORANGE COUNTY**
as the place of trial.

The basis of venue is the
Plaintiffs' home residence.

Plaintiffs reside at:
52 Johnston Street, Apt. 2-B
Newburgh, New York 12550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------------X
ANTHONY BURDEN and LEEVERDIA BURDEN,

                                        Plaintiffs,          **SUMMONS**

        -against-

WAL-MART STORES EAST, LP,
WAL-MART STORES EAST, INC., and
NEWBURGH WALMART SUPERCENTER
STORE #2104,

                                        Defendants.
---------------------------------------------------------------------X

To the above-named Defendant(s):

        **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 18, 2016
        Middletown, New York

                                        _____
                                        *Stuart W. Mosbacher, Esq.*
                                        **SOBO & SOBO, L.L.P.**
                                        Attorneys for Plaintiff(s)
                                        One Dolson Avenue
                                        Middletown, New York 10940
                                        Phone No.: (845) 343-7626
                                        "FAX" No.: (845) 343-0929
                                        Web page: www.sobolaw.com

**Defendants' address(es):** See attached Complaint.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
ANTHONY BURDEN and LEEVERDIA BURDEN,

                      Plaintiffs,                  ***VERIFIED COMPLAINT***

    -against-

                                                        **Index No.: 2016-**

WAL-MART STORES EAST, LP,
WAL-MART STORES EAST, INC., and
NEWBURGH WALMART SUPERCENTER
STORE #2104,
                      Defendants.
-------------------------------------------------------------------X

       That the Plaintiffs, ANTHONY BURDEN and LEEVERDIA BURDEN, by and through their attorneys, *the law offices of* **SOBO & SOBO, L.L.P.,** as and for their Verified Complaint as against the named Defendant(s), respectfully sets forth and allege the following as being truthful and accurate upon information and belief:

### *AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURY ON BEHALF OF THE PLAINTIFF, ANTHONY BURDEN*

    1.     That at all times hereinafter mentioned, the plaintiffs were and still are residents of the City of Newburgh, County of Orange, State of New York.

    2.     That at all times hereinafter mentioned, the plaintiffs were and still remain lawfully married to each other, and they have and continue to reside together as a married couple.

    3.     That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a domestic business corporation which was duly organized and exists pursuant to, under and by virtue of the Laws of the State of New York.

4.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a domestic limited partnership, which was duly organized and exists pursuant to, under and by virtue of the Laws of the State of New York.

5.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a foreign business corporation which was and remains duly authorized to conduct business within the State of New York.

6.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited partnership which was and remains duly authorized to conduct business within the State of New York.

7.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a commercial business, other than a corporation or limited partnership, which was and remains duly authorized to conduct business within the State of New York.

8.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, has and still conducts and transacts business within the State of New York.

9.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, INC., was and still is a domestic business corporation which was duly organized and exists pursuant to, under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, INC., was and still is a foreign business corporation which was and remains duly authorized to conduct business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, INC., was and still is a commercial business, other than a corporation, which was and remains duly authorized to conduct business within the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, INC., has and still conducts and transacts business within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, NEWBURGH WALMART SUPERCENTER STORE #2104, was and still is a domestic business corporation which was duly organized and exists pursuant to, under and by virtue of the Laws of the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, NEWBURGH WALMART SUPERCENTER STORE #2104, was and still is a domestic limited partnership, which was duly organized and exists pursuant to, under and by virtue of the Laws of the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, NEWBURGH WALMART SUPERCENTER STORE #2104, was and still is a foreign business corporation which was and remains duly authorized to conduct business within the State of New York.

p 7/17    << Personnel 8455671909 >>    2016-10-27 16:36

16.     That at all times hereinafter mentioned, upon information and belief, the defendant, NEWBURGH WALMART SUPERCENTER STORE #2104, was and still is a foreign limited partnership which was and remains duly authorized to conduct business within the State of New York.

17.     That at all times hereinafter mentioned, upon information and belief, the defendant, NEWBURGH WALMART SUPERCENTER STORE #2104, was and still is a commercial business, other than a business corporation or limited partnership, which was and remains duly authorized to conduct business within the State of New York.

18.     That at all times hereinafter mentioned, upon information and belief, the defendant, NEWBURGH WALMART SUPERCENTER STORE #2104, has and still conducts and transacts business within the State of New York.

19.     That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, was and remain the **owner and occupant** of a certain retail department store located at 1201 Route 300, City of Newburgh, County of Orange, State of New York 12550, which sells various goods and products to the general public, and which has and continues to sub-divide its retail store into several individual departments with commons aisles having shelves of sundry goods and products available for purchase thereat, including a certain aisle and section which contained assorted men's body soaps and hair products, noting further that this property has and continues to be open for business as the "*Walmart Supercenter*", and said department store, and items appurtenant to same, shall be referred to as the aforesaid "subject premises" repeatedly herein.

p 8/17                    << Personnel 8455671909 >>                    2016-10-27 16:37

20.   That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, **operated** the aforesaid "subject premises".

21.   That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, **supervised** the aforesaid "subject premises".

22.   That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, **managed** the aforesaid "subject premises".

23.   That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, periodically **maintained** the aforesaid "subject premises".

24.   That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, periodically **inspected** the aforesaid "subject premises".

25.   That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES

EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, periodically **repaired** the aforesaid "subject premises".

26. That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, **controlled** the aforesaid "subject premises".

27. That at all times hereinafter mentioned and upon information and belief, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, **kept, stored and placed** assorted men's body soaps and hair products on shelves, and these items were available for purchase for good consideration by the general public, and these specific items were found within a particular department found inside of the defendant(s) aforesaid "subject premises".

28. That at all times hereinafter mentioned, that common area, section and department within the defendant(s) aforesaid "subject premises" where assorted men's body soaps and hair products were made freely available for purchase by the general public, was and remains the location of incident which is claim to have caused personal injury and damage to the plaintiff, ANTHONY BURDEN, and which is the factual basis of this civil action for damages.

29. That at all times hereinafter mentioned, the defendant(s) aforesaid "subject premises" was open for business to the general public.

P 10/17                    << Personnel 8455671909 >>                    2016-10-27 16:37

30.     That at all times hereinafter mentioned, the plaintiff, ANTHONY BURDEN, was lawfully, safely and properly a customer, guest and invitee within the defendant(s) aforesaid "subject premises".

31.     That at all times hereinafter mentioned, and on or about Sunday, June 1, 2014 (*or perhaps Sunday, May 25, 2014*), and during the afternoon of said date, and while the plaintiff, ANTHONEY BURDEN, was lawfully a guest, customer and invitee within the defendant(s) aforesaid department store at the "subject premises"; and as he was reasonably, safely and properly reaching overhead to remove a certain container of men's body soap made available for purchase from a shelf which was located more than five (5) feet above the ground measured from the common tiled floor thereat; and as the plaintiff was reasonably, safely and properly removing said item from the overhead shelf for personal inspection and likely purchase; next, a second container of a similar size and weight, also being a male body soap product which was also available made for purchase thereat by defendant(s), and which, unknown to the plaintiff at the time, had been negligently, carelessly and/or recklessly, kept, placed, stored and deposited in a flat and horizontal position directly on top of the very item which the plaintiff had selected for inspection and purchase noting further that the horizontally oriented item was kept, placed, stored and deposited in such a manner together with other such identical products so that these particular items were not at all readily visible and apparent to the plaintiff and to the general public; and that the removal of the one item by plaintiff caused a certain poorly kept, placed and stored item, to suddenly and unexpectedly, become dislodged and fall down from the shelf and onto the plaintiff's right lower extremity with such force so as to cause plaintiff to sustain grave, severe and permanent injury.

32. That at all times mentioned herein, the negligent, careless, reckless, and/or willful, wanton and/or grossly negligent acts and/or omissions, by and through the agents, servants, staff and/or employees of the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, in the ownership, operation, maintenance, management, inspection, repair and/or control of the aforesaid "subject premises"; and/or in the negligent, careless, and altogether slip-shod manner in which it/ they kept, placed, stored and made available select items for purchase thereat by laying them is such a manner that they could not be seen and observed by customers and shoppers thereat; and/or in causing and creating a dangerous trap and hazard; and/or in failing to use other more safe, reasonable, standard and proper methods to keep and store goods made available for purchase to the public thereat; and/or in failing to perform and provide safe, reasonable, standard and sufficient periodic inspections, supervision, management and/or general oversight; and/or in failing to take safe, reasonable and proper corrective action to abate a dangerous condition; and that defendant(s) multiple and varied negligent acts and/or omissions were and remain the sole and exclusive legal producing cause of the aforesaid incident at bar as has been set forth above.

33. That at all times hereinafter mentioned, the plaintiff categorically denies having caused, or in having contributed to having caused, the aforesaid incident, or the resulting personal injury which he was negligently caused to suffer and sustain.

34. That the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, had actual and/or constructive notice of

the dangerous and/or defective condition(s) alleged herein as these condition(s) had been "caused and created" by the defendant(s), and/or as the same had existed for a such a sufficient length of time prior to and leading up to the happening of the incident at bar that in the exercise of normal, reasonable and proper care, the defendant(s) could have, and should have come to learn of the same, and thus had knowledge and notice thereof.

35. In the alternative, the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, may be liable to plaintiff under the doctrine of *"res ipsa loqitur"*.

36. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and/or 1602(11).

37. That by reason of the foregoing, the plaintiff, ANTHONY BURDEN, was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function; further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care in an effort to address and alleviate the suffering and ills sustained as a result of the aforesaid incident; and he was caused to lose substantial periods of time from his normal and customary everyday activities and routines; and upon information and belief, it is verily expected that he will continue to suffer in the future with permanent disability and loss of the normal enjoyments of life.

38.     That by reason of the foregoing, the plaintiff, ANTHONY BURDEN, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LOSS OF SERVICES ON BEHALF OF PLAINTIFF, LEEVERDIA BURDEN

39.     Plaintiffs restate, repeat, reiterate and re-allege each and every allegation contained in the above paragraphs in the "*First Cause of Action*" with the same force and effect as if more fully set forth at length below.

40.     That at the time of the events complained of and through the current date, the plaintiff, LEEVERDIA BURDEN, was duly married to the injured co-plaintiff, ANTHONY BURDEN, and on the date of loss, and for a significant period of time prior thereto and through the current date, she has and continues to reside with him, and she holds herself out as being married to him.

41.     That as a direct and proximate result of the foregoing, the plaintiff, LEEVERDIA BURDEN, was deprived of the normal and customary society, love, comfort, companionship, services and consortium of her husband, the injured co-plaintiff, ANTHONY BURDEN, as the result of personal injury caused by the negligence and lack of reasonable care by defendant(s), and it is expected that she will continue to suffer in such a way in the future.

42.     Further, and as a direct and proximate result of the foregoing, this plaintiff, may and/or has been caused to be responsible to pay for the costs of necessary health care, treatment and attention received to address personal injury sustained by her spouse, the injured co-plaintiff along with perhaps other and further reasonable out-of-

pocket financial expenses due by the negligence of defendant(s), and plaintiff may be so burdened with such costs in the future.

43. That by reason of the foregoing, plaintiff, LEEVERDIA BURDEN, has been damaged in a sum that exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction of this matter.

*WHEREFORE*, the plaintiffs have hereby demanded judgment as against defendant(s), and each of them, as follows:

[1] For the "First Cause of Action", in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter;

[2] For the "Second Cause of Action", in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter; and

[3] Together with such interest, cost and disbursements as may be charged and recovered relative to the prosecution of this civil action for damages.

Dated: October 18, 2016
      Middletown, New York

                                 *Stuart W. Mosbacher, Esq.*
                                 **SOBO & SOBO, L.L.P.**
                                 Attorneys for Plaintiff(s)
                                 One Dolson Avenue
                                 Middletown, New York 10940
                                 Phone No.: (845) 343-7626
                                 "FAX" No.: (845) 343-0929
                                 Web page: www.sobolaw.com

TO:    WAL-MART STORES EAST, LP
         *Defendant pro se*
         C/O Secretary of State
         Albany, New York

*Or, WAL-MART STORES EAST, LP
*Defendant pro se*
C/O Designated Agent for Process
CT Corporation System
111 Eighth Avenue
New York, New York 10011

WAL-MART STORES EAST, INC.
*Defendant pro se*
C/O Secretary of State
Albany, New York

*Or, WAL-MART STORES EAST, INC.
*Defendant pro se*
C/O Designated Agent for Process
CT Corporation System
111 Eighth Avenue
New York, New York 10011

NEWBURGH WALMART SUPERCENTER STORE #2104
*Defendant pro se*
1201 Route 300
Newburgh, NY 12550

# JOINT VERIFICATION

STATE OF NEW YORK          }
CITY OF NEWBURGH           }.SS:
COUNTY OF ORANGE           }

That we, the undersigned, ANTHONY BURDEN and LEEVERDIA BURDEN, each being duly sworn, do hereby say the following under oath:

That we are the Plaintiffs named in the civil action herein; and on the below date, we each read, reviewed and came to understand and support the claims made in the annexed Verified Complaint which was prepared by retained legal counsel, and we do know the contents thereof, and the same are truthful to the best of our knowledge and belief, except those matters therein which are stated to be alleged on information and belief, and as to those matters we do believe them to be truthful as well.

ANTHONY BURDEN

LEEVERDIA BURDEN

The above was duly sworn to before me on this the
___ day of ___, 201__

NOTARY PUBLIC

STUART WAYNE MOSBACHER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MO4983749
QUALIFIED IN THE COUNTIES OF
ULSTER & DUTCHESS & ORANGE
COMMISSION EXPIRES JULY 2, 20