Case 7:17-cv-01289-KMK-PED Document 24-3 Filed 02/23/18 Page 1 of 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------------------------------------X

ANTHONY BURDEN and LEEVERDIA BURDEN,

<table>
<tr><td></td><td></td></tr>
<tr><td>Plaintiff(s),</td><td><strong>VERIFIED BILL<br>OF PARTICULARS</strong></td></tr>
<tr><td>-against-</td><td></td></tr>
<tr><td></td><td><strong>Index No.: EF007223/16</strong></td></tr>
</table>

WAL-MART STORES EAST, LP,
WAL-MART STORES EAST, INC. and
NEWBURGH WALMART SUPERCENTER
STORE #2104,

Defendant(s).

---------------------------------------------------------------------X

Plaintiffs, by their attorneys, SOBO & SOBO, L.L.P., as and for the response to Defendant's Demand for Bill of Particulars, herein allege the following:

1.   **Accident Date and Time:** The accident occurred on Sunday, June 1, 2014 (*or perhaps Sunday, May 25, 2014*) during the afternoon.

2.   **Accident Location:** The accident complained of herein occurred inside the premises located at 1201 Route 300, City of Newburgh, County of Orange, State of New York 12550, which was also known as "*Newburgh Walmart Supercenter*"; moreover, the accident at bar occurred as Plaintiff was lawfully, safely and properly shopping in a certain aisle and section which contained assorted men's body soaps and hair products; and as he was reasonably, safely and properly reaching overhead to remove a certain container of men's body soap made available for purchase from a shelf which was located more than five (5) feet above the ground measured from the common tiled floor thereat; and as the plaintiff was reasonably, safely and properly removing said item from the overhead shelf for personal inspection and likely purchase; next, a second container of a similar size and weight, also being a male body soap product which was

Case 7:17-cv-01789-KMK-PED  Document 24-3  Filed 02/23/18  Page 2 of 14

also available made for purchase thereat by defendant(s); and noting that the male liquid soap item selected for inspection and likely purchase by plaintiff had been stacked and stored in a vertical orientation on a shelf which slopes toward the front; and which, unknown to the plaintiff at the time, defendant(s) had been negligently, carelessly and/or recklessly, kept, placed, stored and deposited other identical products in a flat and horizontal position directly on top of the very vertically stacked items which the plaintiff had selected for inspection and purchase; noting further that the horizontally oriented items are claimed to have been kept, placed, stored and deposited in such a manner by defendant(s) together with other such identical products so that these particular items were not at all readily visible and apparent to the plaintiff and to the general public; and that the removal of the vertically shelved item by plaintiff caused at least one of the poorly kept, placed and horizontally stored items, to suddenly and unexpectedly, become dislodged and fall down from the shelf and onto the plaintiff's right lower extremity with such force so as to cause plaintiff to sustain grave, severe and permanent injury to plaintiff's right foot. Plaintiff objects to responding further as this question calls for information that is evidentiary in nature, and which is better reserved for the question and answer format of a pre-trial deposition.

3-4. Plaintiff has and continues to reside at 52 Johnston Street, Apartment B, Newburgh, New York 12550.

5. Plaintiff ANTHONY BURDEN was born on November 28, 1966, he is now fifty (50) years old; and the last four digits of his social security number are as follows: XXX-XX-0143; Plaintiff, LEEVERDIA BURDEN, was born on September 30, 1965; she is now fifty-one (51) years old; Plaintiff, LEEVERDIA BURDEN, objects to

furnishing her social security number as she was not the physically injured party to this proceeding under privacy grounds and as the same is not warranted pursuant to a demand for a bill of particulars.

6.     **Defective Condition at Bar:** Please refer to Plaintiff's answer furnished in response to item 2. The dangerous and defective condition consisted of the dangerous, hazardous and trap-like manner in which defendant(s) had kept, stored and shelved certain mail soap products. Plaintiff has alleged that defendant(s) storage of select items in a horizontal manner, atop vertically oriented shelved items represent a trap and a snare, and a dangerous condition.

7.     Actual notice is claimed in that the defendant(s), their agents, contractors, subcontractors, servants and/or employees had caused and created the complained of condition which represented a trap and a snare as is detailed in items 2 and 6. Further, as defendant(S) was on the premises on a daily basis, including, but not limited to the day of the subject accident. As such, it is clamed, defendant(s) observed or were aware that said condition existed. Defendant(s) were further aware of therefore described condition as it was recurring and persistent for an extended period of time. Information as to notice is more properly in the hands of the defendant(s), and subject to discovery.

8.     Construction notice is claimed in that the defendant(s), their agents, contractors, subcontractors, servants and/or employees were on the premises on a daily basis, including, but not limited to the day of the subject incident. Defendants, their agents, servants and/or employees, in the exercise of diligence and due care, should have observed the condition both as it developed and as it existed on the date of the subject incident.

Case 7:17-cv-01289-KMK-PED   Document 24-3   Filed 02/23/18   Page 4 of 14

9.      **Personal Injuries Claimed:** As a result of the accident complained of herein, Plaintiff was caused to sustain serious and permanent bodily injuries which consisted, more particularly, of the following:

## AS TO THE RIGHT FOOT

BLUNT FORCE TRAUMA TO THE TOES AND FOOT;

CRUSHING INJURY TO THE TOES AND FOOT;

BRUISING, SWELLING, EDEMA, ACHES, PAIN, DISCOMFORT AND DIMISISHED FUNCTION, ALONG WITH DIMINISHED ABILITY TO FULLY AND FREELY AMULATE, AND A LIMP;

PERSISTENT INFECTION WHICH DID NOT RESPOND TO MEDICATION;

RIGHT FOOT 2ND DIGIT DISTAL SYMES AMPUTATION WITH PRIMARY CLOSURE ON JULY 3, 2014;

RIGHT FOOT 2ND AND 3RD DIGITS AMUPTATION WITH RESECTION OF METATARSAL HEADS 2 AND 3 ON JULY 21, 2014;

PICC LINE INSERTION ON JULY 25, 2014;

PICC LINE REMOVAL ON SEPTEMBER 3, 2014;

EXCISIONAL DEBRIDEMENT OF RIGHT FOOT ULCERS TO DISTAL AMPUTATION SITE AND PLANTAR ASPECT ON SEPTEMBER 11, 2014;

AMPUTATION OF 4TH AND 5TH DIGITS, DEBRIDEMENT OF GANGRENE PLANTAR AND WOUND ON SEPTEMBER 19, 2014;

RIGHT FOOT AMPUTATION OF GREAT TOE WITH TRANSMETATARSAL AMPUTATION; EXCISION OF ALL NECROTIC DEVITALIZED TISSUE ON NOVEMBER 16, 2014;

PARTIAL AMPUTATION OF THE 2nd DIGIT AT THE LEVEL OF THE PIP JOINT;

DEVELOPED MRSA INFECTION;

RIGHT FOOT GANGRENOUS GREAT TOE WITH NECROTIC ULCER TO DISTAL ASPECT OF RIGHT FOREFOOT;

GANGRENE OF RIGHT FOOT;

2nd DIGIT ULCER;

GANGRENE OF RIGHT SECOND TOE;

RIGHT FOOT GANGRENOUS 2ND AND 3RD DIGITS;

SEPSIS;

NON HEALING ULCERS;

CHRONIC RIGHT FOOT INFECTIONS;

CELLULITIS;

NEUROPATHY;

SKIN AND SUBCUTANEOUS TISSUE DISPLAYING ULCERATION WITH EXUBERANT ACUTE FIBRINOUS EXUDATION AND NECROSIS;

ISCHEMIC CHANGES TO 4TH DIGIT;

SUBCUTANEOUS EDEMA AND SWELLING;

RIGHT FOOT DISCHARGE;

DROPS OF AIR SEEN SURROUNDING THE CALCANEUS AND WITHIN THE PLANTAR SOFT TISSUES;

PAINFUL NAIL LIFTING OF RIGHT SECOND TOE;

ULCER OF HEEL AND MIDFOOT;

ALL OF THE ABOVE, WARRANTING THE AMPUTATION OF ALL 5 DIGITS ON THE RIGHT FOOT;

PERMANTENTLY IMPAIRED ABILITY TO FULLY AND FREEL AMBULATE;

PERMANENT AND DISFIGURING DEFORMITY

RECURRING AND SIGNIFICANT, AND REASONABLY SUSPECTED LONG-TERM AND PERHAPS PERMANENT, ACHES, PAIN, DISCOMFORT, STIFFNESS, SPASM, NUMBNESS, ALONG WITH ARTIALLY DIMINISHED, RESTRICTED AND IMPAIRED STRENGTH, FLEXIBILITY, FUNCTION AND RANGE OF MOTION ALL OF WHICH WARRANTS ONGOING AND FURHTER HEALTH CARE, TREATMENT AND ATTENTION;

NEED FOR PERIODIC ONGOING HEALTH CARE, TREATMENT AND ATTENTION TO MONITOR THE ABOVE AND THE SEQUELAE OF THE ABOVE INCLUDING THE EARLY ONSET OF ARTHRITIC PROCESSES; AND POTENTIAL FOR FURTHER SURGICAL PROCEDURE INCLUDING THE REAL POTENTAIL FOR AN AMPUTATION OF THE RIGHT LOWER EXTREMITY; ALL AS WILL BE DETERMINED.

Plaintiff has alleged to have suffered a long term post-traumatic functional impairment of right foot; the inability to participate in normal and customary physical and/or recreational activities for a prolonged period of time; great pain, anxiety, restlessness and nervousness as a result of the accident and the injuries; along with a permanent-partial disability and impairment to the affected regions for a considerable period of time following the above date of loss through the current date and continuing.

Further, the above has caused Plaintiff to complain and suffer from pain and stiffness of those areas surrounding the injured tissues and affected the full, free and normal use and function of the aforesaid regions, all of which have residual conditions which still persist and which, upon information and belief, except for those of a superficial nature, will be permanent.

In addition, Plaintiff will claim resulting psychological and emotional damage secondary to the aforesaid long term physical injuries which have been, are being, or will be suffered in the future as a direct result of the aforementioned injuries in the nature of emotional distress and frustration as a result of the inability to engage in normal, customary

and expected physical activities, strenuous exertion requiring the use of the injured regions, and customary activities which are associated with the normal household duties and chores required to be performed by Plaintiff.

10.     **Permanency:** Upon information and belief, all of the aforementioned injuries are permanent, arthritic producing and progressive, except those of superficial nature.   All of the Plaintiff's injuries, upon information and belief, include all the sequelae following from the aforesaid injuries and are further associated with soft tissue injuries to the areas traumatically affected, including damage to the muscles, ligaments, tendons, blood supply and nerve tissue with permanent effect of pain, disability, stiffness, discomfort, loss of motion and interference with normal usage and movement of those areas traumatically affected.

Further as plaintiff has been caused to suffer the loss of five (5) digits on his right lower extremity, it has a significant and permanent disfigurement. And as Plaintiff is and remains under active medical and podiatric care for ongoing and persisting conditions; and as he remains a candidate for further surgeries designed to address persisting infections, including, but not limited to procedures like further amputations to address persisting infections, sepsis, gangrene and the like; a potentially worsening and permanent disfigurement.

11.     **CONFINEMENTS:** Plaintiff objects to the word "confined" as it is vague and not precise. Nonetheless without waiving objection, Plaintiff was "substantially" confined as follows:

a.      *Hospital:* Plaintiff was confined to St. Luke's Hospital, 70 Dubois Street, Newburgh, NY  12550 on July 2, 2014 and July 20, 2014 for several hours; again

from July 21, 2014 through July 25, 2014, from September 9, 2014 through believed September 20, 2014 (uncertain); November 16, 2014 through November 26, 2014, December 12, 2014 through December 30, 2014 (uncertain); and February 28, 2015 through March 11, 2015. And on other dates as can be found after processing authorizations. Further Plaintiff expects that he will need further hospitalizations for conditions as will be determined.

      b.    **_Bed or a couch at home:_**  Excluding the use of the rest room, bathing, grooming, taking meals, periodic stretching at home, and visits to treating health care providers, Plaintiff spends the majority of time resting at home during waking hours, immediately following the accident at bar; and this is an ongoing condition.

      c.    **_Home:_** Plaintiff notes that he has been substantially confined to his home immediately following the above accident of Sunday, June 1, 2014 (*_or perhaps Sunday, May 25, 2014_) through the current date.  To date, this represents an ongoing period of two years and almost eight months and it is a continuing loss.

12.    **Disability:** Plaintiff objects to the word "disability" as the same is vague and ambiguous. Nonetheless without waiving objection, Plaintiff agrees that she was "substantially disabled" as follows:

      a. **Total Disability:**  Plaintiff remains totally disabled to date and continuing. However, Plaintiff is not alleging lost earnings as Plaintiff had a pre-existing disability secondary to a diagnosed learning disability and severe asthma. These disabilities are all permanent.

      b. **Partial Disability:**  Not applicable, Plaintiff is totally disabled as indicated and this is a permanent condition.

13. **Lost Earnings:** Not applicable, plaintiff was not employed at the time of the accident and is not making a claim for lost wages.

14. **Collateral Sources, Special Damages, Liens, etc.:** Upon information and belief, the costs and expenses associated with Plaintiff's treating hospital, medical, therapeutic, rehabilitative and other health charges incurred as a consequence of the above identified loss at bar was/were indemnified, in whole or in part, by available collateral sources, as follows:

*First*, upon information and belief, by and through Medicaid made available through the Orange County Department of Social Services (OCDSS) located at Quarry Road, Box Z, Goshen, New York 10924, and said governmental agency has asserted a statutory lien seeking to recover past payments made on Plaintiff's behalf pursuant to the Social Services law at Sec. 104-b. This claim is ongoing as the County of Orange has and continues to have made such payment to date, and as Plaintiff continues to see health care providers for this loss.

At this time OCDSS has confirmed that it has made payments in the sum of $61,389.94; and as treatment remains ongoing said sum is verily expected to increase, Plaintiff shall reserve the right to supplement this response.

*Second*, and upon information and belief, health care bills were submitted and paid, in whole or part, by and through the Plaintiff's private health insurer, Affinity Healthcare located at PO Box 812, Gracie Station, New York, NY, 10028 under IDN 11090134400.

With respect to the precise amount of costs, charges and bills made against Plaintiff by sundry hospitals, doctors, physicians, radiologists, chiropractors, physical

therapists or any other health care professional or organization that provided care and attention to assist in the recovery of accident related injury, Plaintiff states, upon information and belief, that all such bills were duly submitted to the aforesaid collateral sources for payment; and that Plaintiff has no further information responsive to this inquiry regarding Special Damages, but shall supply duly subscribed HIPPA compliant authorizations which shall freely allow counsel for defendant(s) to independently secure, review, and verify all such billing information directly from said collateral sources, including Medicaid, along with each and every treating hospital, physician and health care provider, so as to fully allow counsel for defendant(s) the opportunity to independently collect, assess and review such information.

Plaintiff further objects to naming each health care provider, the date of service and bill charged for same as this request as not warranted in a response to a demand for a bill of particulars as regulated by C.P.L.R. § 3043.

It is noteworthy that it has long been held that defendant(s) is not entitled to a list of treating physicians or hospitals in which the Plaintiff sought treatment in a Verified Bill of Particulars. *See* Adair v. Young, __ A.D. __, 205 N.Y.S.2d 463 (Sup. Ct. 1959) wherein it was noted "In a demand for a Verified Bill of Particulars, the Defendant is not entitled to 'the names of witnesses or physicians' (citations omitted)."

Nevertheless, and without waiving any objection, annexed hereto are true and complete copies of Plaintiff's available hospital and medical records along with duly executed and acknowledged HIPAA compliant authorizations allowing defendant(s) to secure Plaintiff's hospital and medical records, which include their names and addresses.

Further, and as to hospital care, see above in response to items 11a. Next, and in addition, and without waiving object, Plaintiff has consulted with and received health

care, treatment, testing and attention from the following multiple health care providers, and perhaps others not specifically stated, in an effort to address accident related injury as claimed sustained on the date of loss at bar as follows:

St. Lukes Cornwall Hospital
Center for Wound Care &
Hyperbaric Medicine
70 Dubois Street
Newburgh, NY 12550

Cappa Podiatry
Timothy Fishman, D.P.M.
Louis Cappa, D.P.M.
532 Blooming Grove Turnpike
New Windsor, NY 12553

**Identity of Treating Health Care Providers:** The Plaintiff objects to this request as not warranted for a bill of particulars as regulated by C.P.L.R. § 3043. "A defendant is not entitled to a list of physicians or hospitals in which the Plaintiff sought treatment in a Verified Bill of Particulars". See Adair v. Young, __ A.D. __, 205 N.Y.S.2d 463 (Sup. Ct. 1959) where it was noted, "In a demand for a Verified Bill of Particulars, the defendant is not entitled to 'the names of witnesses or physicians' (citation omitted)".

Nevertheless, without waiving any objection, annexed hereto are copies of the Plaintiff's medical records and duly executed and acknowledged authorizations to obtain the Plaintiff's hospital and medical records, which include their names and addresses, and Plaintiff received health, care, treatment and attention as follows:

15. Plaintiff LEEVERDIA BURDEN was a witness to the accident.

16. This question is redundant. Please refer to the responses to items 2 and 6. Further, the response of this question calls for information which is evidentiary in nature which may be best secured at deposition.

Case 7:17-cv-01289-KMK-PED Document 24-3 Filed 02/23/18 Page 12 of 14

17.     That at all times mentioned herein, the negligent, careless, reckless, and/or willful, wanton and/or grossly negligent acts and/or omissions, by and through the agents, servants, staff and/or employees of the defendant(s), WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and/or NEWBURGH WALMART SUPERCENTER STORE #2104, be it individually and/or jointly, in the ownership, operation, maintenance, management, inspection, repair and/or control of the aforesaid "subject premises"; and/or in the negligent, careless, and altogether slip-shod manner in which it/ they kept, placed, stored and made available select items for purchase thereat by laying them is such a manner that they could not be seen and observed by customers and shoppers thereat; and/or in causing and creating a dangerous trap and hazard; and/or in failing to use other more safe, reasonable, standard and proper methods to keep and store goods made available for purchase to the public thereat; and/or in failing to perform and provide safe, reasonable, standard and sufficient periodic inspections, supervision, management and/or general oversight; and/or in failing to take safe, reasonable and proper corrective action to abate a dangerous condition; and that defendant(s) multiple and varied negligent acts and/or omissions were and remain the sole and exclusive legal producing cause of the aforesaid incident at bar as has been set forth above.

18.     **Statutory Violations:** Defendant(s) is/are claimed to have violated the negligence standard as defined by New York Pattern Jury Instructions, P.J.I. 2:10., and is/are further claimed to have violated select provisions of the Property Maintenance Code of the State of New York as follows: P.M. Sec. 302.1 and/or 302.3, along with any such other and further statutes, codes and/or regulations that this Hon. Court may take judicial notice of at trial.

Case 7:17-cv-01289-KMK-PED Document 24-3 Filed 02/23/18 Page 13 of 14

*PLEASE TAKE FURTHER NOTE* that to the extent that Plaintiff has any

ongoing injury, damage and loss; Plaintiff fully reserves the right to supplement, amend

and/or update this Bill of Particulars up to the date of trial and pursuant to our "CPLR".

Dated: ___Feb 3___ 2017
Middletown, New York

Respectfully yours,

Stuart W. Mosbacher, Esq.
**SOBO & SOBO, L.L.P.**
Attorney for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

TO:    BRODY, O'CONNOR & O'CONNOR, ESQS
       Attorney for Defendants
       WAL-MART STORES EAST, LP,
       WAL-MART STORES EAST, INC. and
       NEWBURGH WALMART SUPERCENTER
       STORE #2104
       7 Bayview Avenue
       Northport, NY 11768
       (631) 261-7778
       File No: WM16-350 TO

Case 7:17-cv-01289-KMK-PED   Document 24-3   Filed 02/23/18   Page 14 of 14

## VERIFICATION

STATE OF NEW YORK    )
                            ) SS.:

COUNTY OF ORANGE

That we, the undersigned, ANTHONY BURDEN and LEEVERDIA BURDEN, being duly sworn, deposes and says as follows:

We are the Plaintiffs in the action herein and have read the annexed Verified Bill of Particulars, and we know the contents thereof, and the same is truthful to the best of my knowledge and belief, except those matters therein which are stated to be alleged on information and belief, and as to those matter I believe them to be true.

_____
ANTHONY BURDEN

_____
LEEVERDIA BURDEN

Duly sworn to before me this
___ day of _____, 2017.

_____
Notary Public

STUART WAYNE MOSBACHER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MO4983749
QUALIFIED IN THE COUNTIES OF
ULSTER, DUTCHESS & O̶R̶A̶N̶G̶E̶
COMMISSION EXPIRES JULY 2, 20_ 19